IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 7-45 (Erie) |
| v. | ) | CV 14-172 |
| TODD A. McCOLLEY | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, on November 27, 2007, Defendant was convicted of violating 18 U.S.C. § 876. Defendant was sentenced on January 23, 2008, as a career offender under the Sentencing Guidelines, U.S.S.G. § 4B1.1.[1] He was sentenced to a term of imprisonment of 84 months, to be served consecutively to a sentence imposed by a federal court in Wisconsin, followed by a term of supervised release. On June 19, 2014, Defendant filed a Motion pursuant to 28 U.S.C. § 2255, which is now pending. For the following reasons, Defendant's Motion will be granted, and this matter transferred to Judge Cercone for further proceedings.

### OPINION

### I.  APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter,

---

[1] Judge Cohill, who presided over Defendant's sentence, recused himself in April, 2015, and the matter was reassigned to Judge Cercone. On February 23, 2016, the case was reassigned to me.

1

93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

Defendant's Motion is premised on the effect of Descamps v. United States, 134 S. Ct. 41, __ U.S. __, 186 L. Ed. 2d 955 (2013), on the status of the state escape convictions that formed the basis for Defendant's § 4B1.1 sentence. Under Descamps, "[i]f a statute of conviction lists elements in the alternative, some of which fit the federal definition and some of which do not, courts apply the modified categorical approach and are permitted 'to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction.'" Johnson v. AG of the United States, 605 Fed. Appx. 138 (3d Cir. 2015) (quoting Descamps). In turn, the Government argues that Defendant's claims are not cognizable on collateral review, and have been procedurally defaulted. Substantively, the Government contends that Defendant was properly sentenced as a career offender, due to three prior convictions other than those for escape.

### A. Cognizable Claim

The Government contends that Defendant's allegations are not cognizable, because they raise an ordinary legal error in calculating the now-advisory sentencing guidelines. Our Court of Appeals, however, has recently held that such challenges are cognizable in a Section 2255 proceeding. United States v. Doe, 806 F.3d 732, 755 (3d Cir. 2015). Thus, I reject the Government's contention, and will consider Defendant's claims.

### B. Procedural Default

The Government further asserts that Defendant's claim has been procedurally defaulted, because he did not raise it on direct appeal. Defendant suggests that two elements, taken

together, demonstrate cause to excuse the default: the 2013 decision in Descamps, which announced a new rule; and the fact that the Government now concedes that the Defendant's sentence was not based on appropriate predicate convictions.

Procedural default may be excused if petitioner shows cause for failing to make his claim earlier, and that he suffered actual prejudice from the errors of which he complains. United States v. Frady, 456 U.S. 152, 168, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). "Cause… can be established by showing, for example, that the … legal basis for a claim was not reasonably available to counsel…." Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004). Courts that have found a Descamps scenario insufficient to supply "cause" have relied on a finding that Descamps did not announce a new rule, but instead merely clarified pre-existing law. Thus, those courts have indicated that before Descamps, defendants still had available to them an argument based on the law that Descamps clarified. See, e.g., Williams v. United States, 2014 U.S. Dist. LEXIS 162507 (M.D. Fla. Nov. 20, 2014).

In this case, the Government has waived a challenge to the retroactivity of Descamps.[2] Retroactivity requires, inter alia, that a case identify a "newly recognized right." 28 U.S.C. § 2255(f)(3). Further, The Government now concedes that the predicate offenses underlying Defendant's sentence are not appropriate; Descamps provides the substantive framework for this conclusion. Thus, in this case, the Government's waiver appears to encompass the argument that Descamps did not announce a newly recognized right. As the Government suggests in its Response to Defendant's Motion, it would be improper for me to address the retroactivity of Descamps. By extension, I am unwilling in this case to consider whether Descamps recognized a new right, and whether the case was sufficiently novel to furnish cause for Defendant's

---

[2] The Government has not waived its challenge to retroactivity of Johnson v. United States, 135 S. Ct. 2551 (2015), to collateral review of Guidelines sentences. That challenge, however, does not impact my rulings today.

default.³  The Government's cursory argument regarding procedural default does not suggest that I should do otherwise.

Therefore, under the circumstances and solely for present purposes, I will suppose Government has waived a challenge to Descamps as novel.⁴  I will likewise assume that a novel constitutional rule may constitute cause for default.  See, e.g., Pinchak, 392 F.3d at 563.  In regards to prejudice, Defendant has made the requisite showing.  Even if other potential predicate convictions exist, the fact remains that his sentence was based, in part, on the escape convictions.  As discussed infra, the Government concedes that those convictions do not meet the pertinent Guidelines.   For these reasons, I find that Defendant's claim is not barred by principles of procedural default.

### C.  Escape Convictions

Having rejected the Government's non-substantive arguments, I reach the heart of Defendant's Section 2255 Motion.  Defendant contends that under Descamps, the qualifying prior convictions relied on to support the Guidelines career offender enhancement -- which were escape convictions under Wisconsin statute – do not qualify as "crimes of violence" under the Guidelines.   The Government concedes that Defendant's prior escape convictions are not appropriate predicate offenses, as Shephard documents do not show that Defendant's convictions meet one of the alternative statutory methods of committing the escape offense that would meet the Guidelines definition of a "crime of violence."  Accordingly, Defendant's Motion will be granted.

---

³ I recognize the distinctions between the phrases "newly recognized right," "new right," and "new rule," which differ but are often used interchangeably.  Given the posture of this case and the parties' submissions, I need not delve into the minutiae of the distinctions.

⁴ My decision today is limited to the matter before me, and is not intended to suggest that the Government's waiver will be determinative in all cases.  See, e.g., United States v. Wilson, 2015 U.S. Dist. LEXIS 96059 (W.D. Pa. July 23, 2015) (finding that Government waiver of Teague defense regarding retroactivity of Descamps did not waive a claim that Descamps does not newly recognize a right).

### C. Other Prior Convictions

The Government argues, however, that the Court properly classified Defendant as a career offender, because Defendant had three other qualifying predicate convictions that could have supported his sentence. This argument is based on two 2005 federal convictions for mailing threatening communications, under 18 U.S.C. § 876(c), and a 2002 Wisconsin conviction for burglary, under Wi. St. § 943.10(1)(a). It may well be that these convictions would support the same sentence as that originally imposed, but they did not in fact form the basis of Defendant's sentence. Accordingly, to that extent, Defendant has not had the benefit of a full and fair hearing, or other proceedings that typically occur prior to sentencing. Indeed, several potentially determinative questions remain extant, including whether the Section 876 convictions are separate sentences for Guidelines purposes, and whether any of the three convictions constitute crimes of violence. Therefore, this matter will be transferred to Judge Cercone for further proceedings, including possible resentencing. Judge Cercone will, of course, determine what proceedings are required under the circumstances.

### CONCLUSION

In conclusion, Defendant's Motion will be granted, to the extent that his sentence was not based on proper predicate convictions. This matter will be transferred to Judge Cercone for further proceedings. An appropriate Order follows.

# ORDER

AND NOW, this 24th day of March, 2016, the Government's Motion to Stay is DENIED, and Defendant's Motion to Vacate is GRANTED. The Clerk of Court shall transfer this matter to Judge Cercone for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court